IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Rubel,                                        Case No. 3:07CV2659

        Plaintiff,

     v.                                              ORDER

Lowe's Home Centers, Inc.,

        Defendant.

This is a personal injury suit. Plaintiff Dennis Rubel, an Ohio resident, seeks damages for injuries he suffered, allegedly as a result of Defendant Lowe's Home Center Inc.'s [Lowe's] negligence, while working at defendant's Findlay, Ohio store. Lowe's, an independent retailer dealing primarily in home improvement supplies and appliances, is organized under the laws of and is based in North Carolina. Jurisdiction arises under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.[1]

---

[1] To prove diversity jurisdiction, under Federal Rule of Civil Procedure 8(a)(1), the removing party must allege: 1) that the case meets the jurisdictional amount[;] or 2) facts supporting an inference that the case meets the jurisdictional amount. *Absolute Mach. Tools, Inc. v. Clancy Mach. Tools, Inc.*, 410 F. Supp. 2d 665, 669 (N.D. Ohio 2005). Generally, a court will accept a party's unchallenged allegation that the case satisfies the jurisdictional amount. *Id.* Rubel does not contest that more than $75,000 is at issue. Accordingly, I accept Lowe's' allegation.

Because I have jurisdiction over Rubel's negligence claim, I also have supplemental jurisdiction over defendant's claim that a prior settlement bars Rubel's suit. *See* 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

Pending is defendant's motion to enforce a settlement agreement. [Doc. 5]. For the reasons discussed below, I shall grant Lowe's' motion.

**Background**

On January 20, 2003, while Rubel was working at Lowe's' store in Findlay, Ohio, another employee "knocked a fifty pound box off of a shelf striking [him] in the neck and the back of his head thereby causing permanent injuries to him." [Doc. 19].

On November 18, 2004, Rubel filed suit against the defendant in the Lucas County, Ohio, Court of Common Pleas. The presiding judge transferred the case to the Hancock County Court of Common Pleas.

During pre-trial proceedings, the parties entered into settlement discussions. On June 14, 2006, Rubel's then-counsel Michael Dzienny agreed to settle the case for $21,000. In exchange, Rubel would forego all claims against Lowe's. Rubel was not present when the attorneys reached the agreement. Confirming their agreement, Dzienny sent a fax to Lowe's' attorneys:

> Dear Mr. Spitz:
>
> Mr. Rubel will accept your Twenty-One Thousand Dollar (21,000.00) offer to settle his claim. Please forward a check and release to my attention made payable to Mr. Rubel and myself. Mr. Rubel is single and I would expect that the Defense will pay the court costs as is customary. Thank you for your assistance in bringing this matter to a resolution at this time.
>
> Sincerely,
> s/Michael Dzienny
> Michael A. Dzienny

[Doc. 17, Ex. 2].

On June 29, 2006, Lowe's sent the release, proposed dismissal entry, and a settlement draft

---

under Article III of the United States Constitution.").

2

for $21,000 to Dzienny. Rubel, however, refused to sign the release, alleging that Dzienny had settled without his permission.

On August 7, 2006, Rubel filed a Notice of Dismissal Without Prejudice. On August 1, 2007, Rubel refiled his case in the Hancock County Court of Common Pleas. On August 31, 2007, Lowe's removed the case to this court asserting diversity jurisdiction.

**Standard of Review**

A court will treat a motion to enforce a settlement agreement as a motion for summary judgment. *Lexington Nat. Bail Services, Inc. v. Spence*, 2007 WL 951767, *3 (N.D. Ga.); *see Curtis v. Central Ohio Transit Authority*, 2003 WL 1338219, *1 (S.D. Ohio) (analyzing a motion to enforce a settlement agreement as a summary judgment motion because the parties submitted evidence beyond the pleadings).

A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The moving party must initially inform the district court of its motion's basis, identifying those portions of the record lacking a genuine issue of material fact. *Id.* at 323. The non-moving party "must [then] set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. The non-movant must show that there is more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the non-moving party to go beyond the

3

[unverified] pleadings" and present concrete evidence in support of its position. *Celotex*, supra, 477 U.S. at 324.

In deciding the motion for summary judgment, the court will believe the evidence of the non-moving party as true, it will resolve all doubts against the non-moving party, it will construe all evidence in the light most favorable to the non-moving party, and it will draw all inferences in the non-moving party's favor. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). A court shall render summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c).

## Discussion

Under Ohio law, "an attorney who is without special authorization has no implied or apparent authority, solely by virtue of his general retainer, to compromise and settle his client's claim or cause of action." *Morr v. Crouch*, 19 Ohio St.2d 24 (1969). That said, a lawyer's authority to negotiate and settle a client's claim does not have to be express; a court may ascertain whether the attorney had authority to settle a client's suit from the surrounding circumstances. *Elliot v. General Motors Corp.*, 72 Ohio App.3d 486, 488 (1991).

If an attorney without the authority to negotiate settlement reaches a settlement agreement, the agreement is unenforceable. *Morr*, *supra,* 19 Ohio St. 2d at 29. In contrast, if a client gives an attorney the authority to negotiate a settlement, but is later disappointed with the agreement's terms, the court will enforce the agreement. *See Argo Plastic Products Co. v. City of Cleveland*, 15 Ohio St. 3d 389, 392 (1984) (approving a $500,000 settlement despite the fact that the city had authorized

4

its attorney to offer $2,500). The proper remedy in the latter case is for plaintiff to file a malpractice action against his attorney. *Id.*

Lowe's has neither presented nor identified any evidence that Rubel either implicitly or expressly authorized Dzienny to enter settlement negotiations. In support, Lowe's merely presents a fax from Dzienny to Lowe's' attorneys alleging that Rubel would accept Lowe's' settlement offer. The fax, which Dzienny alone composed and signed, does not prove Rubel's knowledge or approval of the settlement negotiations. Rather, it merely confirms that the attorneys reached an agreement.

Lowe's also argues that the parties agree that Rubel authorized settlement discussions. Neither Rubel's briefs nor his affidavit admit such.

There is no evidence in the record either confirming or denying Dzienny's authority to negotiate a settlement. Thus, I find there is a genuine issue of material fact on this point.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT

1. Lowe's Home Centers, Inc.'s motion to enforce the settlement agreement be, and the same hereby is denied, without prejudice; and

2. Lowe's Home Centers Inc. be, and the same hereby is granted leave to re-file this motion after it conducts additional discovery.

3. A scheduling conference is set for March 24, 2008 at 3:00 p.m.

So ordered.

                                            s/James G. Carr
                                            James G. Carr
                                            Chief Judge