IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Rubel,                                                                              Case No. 3:07CV2659

          Plaintiff

    v.                                                                                              ORDER

Lowe's Home Centers, Inc.,

          Defendants

      The defendant, Lowe's Home Centers, Inc. [Lowe's], has filed a motion to enforce a settlement of a personal injury suit brought by plaintiff Dennis Rubel. Lowe's claims it reached the settlement with the plaintiff's former attorney, Michael Dzienny. Rubel asserts that Dzienny did not have authority to accept Lowe's settlement offer.

      Pending is Lowe's motion to compel Dzienny to testify about his communications with Rubel regarding his authority to settle Rubel's personal injury suit. [Doc. 29]. For the reasons discussed below, defendant's motion is granted.

**Background**

On January 20, 2003, while Rubel was working at Lowe's store in Findlay, Ohio, another employee "knocked a fifty pound box off of a shelf striking [plaintiff] in the neck and the back of his head thereby causing permanent injuries to [plaintiff]." [Doc. 19].

On November 18, 2004, Rubel filed suit against the defendant in the Lucas County, Ohio, Court of Common Pleas. That court transferred the case to the Hancock County, Ohio, Court of Common Pleas.

On June 14, 2006, Dzienny agreed to settle the case for $21,000 in exchange for Rubel's release of all claims against Lowe's. Rubel was not present when the attorneys reached this agreement. Confirming their agreement, Dzienny sent a fax to Lowe's attorneys:

> Dear Mr. Spitz:
>
> Mr. Rubel will accept your Twenty-one Thousand Dollar ($21,000.00) offer to settle his claim. Please forward a check and release to my attention made payable to Mr. Rubel and myself. Mr. Rubel is single and I would expect that the Defense will pay the court costs as is customary. Thank you for your assistance in bringing this matter to a resolution at this time.
>
> Sincerely,
> s/Michael Dzienny
> Michael A. Dzienny

[Doc. 17, Ex. 1].

On June 29, 2006, Lowe's sent the release, proposed dismissal entry and a settlement draft for $21,000 to Dzienny. Rubel refused to sign the release, alleging that Dzienny settled without his permission.

On August 7, 2006, Rubel filed a notice of dismissal without prejudice. On August 1, 2007, Rubel refiled his case in Hancock County Court of Common Pleas. On August 31, 2007, Lowe's again removed the case to this court.

On September 4, 2007, Lowe's moved to enforce the settlement agreement. Rubel filed an amended motion in opposition and an affidavit, stating that he never, expressly or impliedly, gave Dzienny authority to "accept a settlement on his behalf" or "to accept $21,000.00 as settlement of his claims against [Lowe's]." [Doc. 19]. He testified similarly in his deposition.

On May 21, 2008, I issued a subpoena ordering Dzienny to appear and be deposed. Dzienny, asserting the attorney-client privilege, refuses to testify. On July 1, 2008, Lowe's filed its motion to compel Dzienny's testimony. [Doc. 29].

**Standard of Review**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." A trial court has the right to control the discovery schedule, *see, eg., Kennedy v. Cleveland*, 797 F.2d 297, 300-01 (6th Cir. 1986), and broad discretion to determine the proper scope of discovery. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

If one party fails to comply with discovery requests, the other party may seek a motion to compel discovery responses. Fed.R.Civ.P. 37(a)(1). The motion must include a certification that it made a good faith effort to confer with the non-complying party. *Id.* If I find that one or both parties faltered in their discovery obligations, I have discretion, under Rule 37(a), to compel appropriate discovery responeses. *Id.*; *see Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

**Discussion**

Dzienny's testimony is admissible on two grounds: 1) Rubel waived the attorney-client privilege when he voluntarily testified in his affidavit and deposition that he neither agreed to settle his case with Lowe's nor authorized Dzienny to do so; and 2) Dzienny's testimony falls outside the scope of the attorney-client privilege, as Rubel did not intend it to be confidential.

**1. Rubel Waived the Attorney-Client Privilege Through his Prior Testimony**

Under O.R.C. § 2317.02(A), if a client voluntarily testifies about communications made to his or her attorney, then that attorney can be compelled to testify about the same subject. Courts interpret "the same subject" broadly. *Walsh v. Barcelona Associates, Inc.*, 16 Ohio App.3d 470, 471-72 (1984). Courts, consequently, can compel attorneys to testify to the same general subject matter as the client's prior testimony. *Spitzer v. Stillings*, 109 Ohio St. 297, 298-99 (1924). A client waives the attorney-client privilege regarding any subject pertinent to his claim, regardless of whether his testimony referred to conversations with his attorney. *Id.*

Rubel testified in his sworn affidavit and deposition that he never authorized Dzienny to accept a settlement on his behalf. Plaintiff's testimony impliedly waived his attorney-client privilege as to any subject to which he testified and pertinent to his claim, namely settlement authority. It is irrelevant that Rubel's testimony did not specifically refer to any conversations with his former attorney.

In *Walsh, supra*, plaintiff testified that she neither agreed to settle her case nor authorized her former attorney to settle. Applying § 2317.02(A), the court held that plaintiff impliedly waived the attorney-client privilege. 16 Ohio App.3d at 472. The court required plaintiff's attorney to testify about any otherwise privileged communications he had with the plaintiff concerning settlement. *Id.*

4

The *Walsh* case mirrors the case at hand. Rubel testified that he did not agree to settle his case against Lowe's or authorize Dzienny to enter into a settlement agreement. Like the plaintiff in *Walsh*, Rubel impliedly waived his attorney-client privilege. Dzienny must testify to his otherwise privileged communications with Rubel concerning settlement.

Plaintiff argues that his deposition testimony was not voluntary and therefore does not constitute an implied waiver. He relies on *Harpman v. Devine*, 133 Ohio 1,6 (1937) and *Tandon v. Tandon, supra*, 1999 WL 1279162, *4 (Ohio App. 1999), which held cross-examinations to have been involuntary because witnesses do not choose the nature of the questions being asked and faced contempt if they did not answer.[1]

The situation here differs from that in *Harpman* and *Tandon*. Rubel affirmatively asserted Dzienny's alleged lack of authority to act on his behalf. He elected to introduce that contention – it was not forced from him by Lowe's on cross-examination.

Rubel thus put his communications with his former attorney about the putative lack of settlement authority in issue; he cannot now use the privilege to bar questions to Dzienny about those communications. *See Beery v. Thomson Consumer Electronics, Inc.*, 218 F.R.D. 599, 604 (S.D. Ohio 2003) (communication is "at issue" when a party affirmatively uses privileged communications to defend or attack the opposing party.)

Finding waiver in such circumstances stops a party from manipulating the attorney-client privilege by unilaterally choosing to disclose favorable information while concurrently barring the

---

[1]The court in *Tandon* expressly stated, however, that it would find a waiver of attorney-client privilege despite the fact that statements made by the client were on cross-examination, if presented with proper circumstances. 1999 WL 1279162, at *4. The court in that case thus did not "create a blanket rule that a client may make any statement regarding counsel during cross-examination without the fear of waiving the privilege." *Id.*

5

search for potentially unfavorable information. *Id.* at 604. "The attorney-client privilege cannot be used as a shield and a sword at the same time." *In re Grand Jury Subpoena*, 1993 WL 453395, *2 (6th Cir.) (unpublished disposition).

To permit Rubel to assert the privilege to bar questions to Dzienny about their discussions about settlement would enable him, and other similarly-situated litigants, easily and successfully to repudiate settlements that they, in fact, had approved.

In addition to the waiver of the privilege that arises from Rubel's assertion in his affidavit that he had not authorized settlement, I can also base a finding of waiver on Rubel's failure to assert the privilege when being deposed by Lowe's. This is so, notwithstanding *Harpman* and *Tandon, supra*, because Rubel failed to assert the privilege in response to questions by Lowe's. *See Amer Cunningham Co., L.P.A. v. Cardiothoracic Vascular Surgery of Akron*, 2002 WL 1800323, *3 (Ohio App. 2002) (party's failure to refuse to answer questions on the basis of privilege constitutes waiver).[2]

## 2. Granting Settlement Authority to an Attorney
## Is Not a Confidential Communication

When a communication is not intended to remain confidential, it falls outside the scope of the attorney-client privilege. *Emley v. Selepchak*, 76 Ohio App. 257, 257 (1945). Conveyance of settlement authority from client to counsel is never intended to be confidential. *Walsh, supra*, 16 Ohio App.3d at 472. ('[A] communication from a client to his attorney conveying authority to the

---

[2]A partial, voluntary disclosure of privileged communications, as occurred here, can result in the loss of the privilege as to all other communications dealing with the same subject matter. *Mid-American National Bank & Trust Co. v. Cincinnati Ins. Co.*, 74 Ohio App.3d 481, 489 (1991). Rubel's waiver, even if partial, justifies my ruling that I can compel Dzienny to testify about his discussions with Rubel about settlement.

attorney to act on his behalf as his agent in entering into an agreement with the opposing party, is a communication which is intended to be communicated to the opposing party."). A client conveys settlement authority to his lawyer so the lawyer can then communicate the same with the opposing party. *Cannell v. Rhodes*, 31 Ohio App.3d 183, 186 (1986). "Because such communication is not intended to be confidential, it is not privileged." *Walsh, supra*, 16 Ohio App.3d at 472.

Thus, to the extent that Dzienny will testify that Rubel gave him authority to settle the case, he may testify about the statements whereby Rubel communicated that authority.

## Conclusion

For the forgoing reasons, it is hereby:

ORDERED THAT defendant Lowe's Home Centers' motion to compel the testimony of Rubel's former attorney, Michael Dzienny [Doc. 29], as to any communications with plaintiff regarding his authority to settle be, and the same hereby is granted.

So ordered.

s/ James G. Carr  
James G. Carr  
Chief Judge